[Civ. No. 10040. Second Appellate District, Division Two.—September 25, 1935.]

ROY DOROTHY, Appellant, v. LOUIS DRAPEAU, Building and Loan Commissioner, etc., Respondent.

Fontaine Johnson and Wilmer W. Morse for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Thomas M. Gannon for Respondent.

CRAIL, P. J.—This is an appeal from a judgment which denied a writ of mandate in a proceeding brought to compel the reinstatement of the petitioner under the State Civil Service Act to his position in the office of the building and loan commissioner and to compel the payment of the salary incident thereto.

Among the circumstances which resulted in the lay-off of petitioner were the following: About the first of January, 1931, the so-called Beesemeyer defalcation was discovered in Los Angeles. The collapse of the Guaranty Building and Loan Association soon followed. Our nation at that time was suffering from one of its worst depressions. When news of the Beesemeyer defalcation reached the public the work of the division of building and loan supervision grew by leaps and bounds. For the purpose of restoring public confidence in the department, Honorable H. L. Carnahan was prevailed upon to assume the office of building and loan commissioner until the crisis was over. The office force was necessarily greatly increased. The climax came during the months of August, September and October of 1931, at which time the division had the largest number of employees that it has had

in its history. Thereafter the work of the division decreased. Upon the resignation of Mr. Carnahan in January, 1932, former Governor Friend W. Richardson succeeded to the office of building and loan commissioner. In the interest of economy former Governor Richardson decreased the number of employees and continued to so decrease the number until at the time of the petitioner's lay-off there were only 36 employees. Prior to the time that Mr. Carnahan took over the office of building and loan commissioner the head office of the division had been maintained in San Francisco. When he took over the office, a great deal of the work being in southern California, he made the Los Angeles office the head office. When former Governor Richardson took over the work he moved the head office back to San Francisco. Petitioner remained with the branch office at Los Angeles. He was laid off some time thereafter. These circumstances are important for the reason that at the trial the case resolved itself into a question of the good faith of former Governor Richardson in laying off the petitioner; and a number of the duties, which petitioner claims it was his custom to perform in the Los Angeles office and which he claims were taken away from him, were matters which, by the very nature of things, would be handled through the head office.

The petitioner admits that "if the appellant were laid off from the position to which he was certified and appointed, and in which he had served the required probationary period, because no duties for which he was qualified to perform remained, such fact would be a sufficient answer to any attempt by him to be reinstated, and his position would be lawfully abolished. . . . However, such lay-off by the appointing power must be done in good faith." Petitioner seeks on appeal to try *de novo* this question of former Governor Richardson's good faith, which, of course, we cannot do. It is sufficient to say that the trial court found that former Governor Richardson acted in good faith and that there is substantial evidence to sustain the finding.

Petitioner in his next contention makes numerous specifications of error relative to the rulings of the trial court on the admission and rejection of evidence. The first of these relates to the rulings of the trial court in refusing to allow petitioner to testify and in refusing to admit other evidence

offered by petitioner as to the duties of certain employees whose names appeared in a stipulation in the file to the effect that said employees had not assumed any of the duties of petitioner. The matter concerning which petitioner sought to adduce testimony had already been stipulated to by the parties, and it was not error for the trial court to exclude evidence which would be contrary to the stipulation. We have examined all of the alleged errors with regard to the rulings on the evidence, and we find no error in such rulings which would entitle the petitioner to a new trial.

Petitioner next contends that the findings are not supported by the evidence. Some of the exceptions pointed out by the appellant relate to typographical and some to clerical errors, while others relate to matters as to which there is a substantial conflict in the evidence. There is no merit in this contention.

It is the final contention of the petitioner that the trial court failed to find upon material issues upon which evidence was introduced. We find no merit in this contention. The findings follow the theory of the respondent that petitioner was a supervising clerk and that at the time of his lay-off no sufficient substantial duties being left to be performed by him his lay-off was proper.

Judgment affirmed.

Fricke, J., *pro tem.,* concurred.

Wood, J., concurred in the judgment.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.