[Civ. No. 16568.   Second Dist., Div. One.   Mar. 15, 1949.]

NICOLAI N. RILCOFF, Appellant, v. STATE BOARD OF
MEDICAL EXAMINERS et al., Respondents.

Passin & Ziskin, George J. Coffaro and Joseph Passin for
Appellant.

Fred N. Howser, Attorney General, and J. Albert Hutchin-
son, Deputy Attorney General, for Respondents.

DORAN, Acting P. J.—This is an appeal from a judgment denying a writ of mandate and recalling an alternative writ of mandate theretofore issued in a proceeding brought against respondent Board of Medical Examiners of the State of California to secure a review of the suspension of appellant's physician's and surgeon's certificate by said board.

■ The record reveals that appellant was, and had been since April 15, 1945, the Medical Director of the Kern General Hospital and the Public Health Director of Kern County. In February, 1947, an accusation was filed with the Board of Medical Examiners of the State of California "charging appellant with employing certain unlicensed practitioners in the practice of medicine and aiding and abetting an unlicensed practitioner in the practice of medicine." The hearing before the board lasted several days. There appears to have been no dispute as to the facts. As stated by appellant's counsel at the hearing, quoting from the record:

"Mr. Petrini (appellant's counsel) : But I mean there has been no effort in this case to deny the fact these doctors were employed at the hospital. There has been no effort to deny that—where is the accusation? Just take one at a time. There has been no effort to deny any of these specific allegations of fact. I suppose in this case of Victoria Pruett something was done. The record shows it was done. Somebody claims it was practicing medicine. We claim it was not practicing medicine. We have the Patterson case. Somebody says certain things were done and they call it practicing medicine. There is no denial of that. All the testimony is to the effect that specific factual matters are true." But,

"Mr. Petrini: Well, Mr. Flynn, there has been no dispute about that. There is no dispute these specific things were done at the hospital; there is no dispute on that. There is no contention these specific things were not done.

"Mr. Hutchinson: Then I have been laboring under a misapprehension.

"Mr. Petrini: No, you have not been laboring under a misapprehension. Our defense of these things is two: First, there is a serious question as to whether or not anything Doctor Rhodes did constituted practicing medicine. We do not deny the specific things that he did and the specific allegations or detail of things he did. That is the first defense."

The board found in part:

"That during the period specified opposite their respective names the respondent selected, appointed, continued the

employment of and prescribed, assigned, and directed the duties and the performance thereof the persons hereinafter named, and knowingly permitted and directed such persons in the practice of medicine and the treating of the sick and afflicted and the diagnosis of the mental and physical condition of human beings in the County of Kern, State of California; that at all times in this paragraph specified, each and every one of such persons was unlicensed and did not hold a certificate to practice as a physician and surgeon in the State of California; that such persons, and the period of time during which they performed such services, are as follows:

| "Name | From | To |
|---|---|---|
| "Alfred Edward Rosenbaum also known as Alfred Edward Rhoden | May 7, 1945 | February 14, 1947 |
| Daniel Lee Bernie | July 5, 1945 | December 31, 1946 |
| Zale Chaffin | July 1, 1946 | February 14, 1947 |
| Francis B. Schuler | July 1, 1946 | February 14, 1947 |
| Glee A. Renick, Ch. | July 1, 1944 | July 31, 1945 |
| Glenn Edward Velia | November 8, 1945 | January 14, 1946 |
| John E. Affeldt | August 15, 1946 | November 20, 1946 |
| Sanford Stevens | April 8, 1946 | September 30, 1946 |
| Len Hughes Andrus | July 1, 1945 | March 15, 1946 |
| Martin F. Anderson | October 2, 1945 | March 20, 1946 |

''That on or about the 27th day of June, 1945, one Alfred Edward Rosenbaum, also known as Alfred Edward Rhoden and hereinafter referred to as A. E. Rhoden, acting under the direction and control of and with the knowledge and consent of respondent, diagnosed the physical condition of one Victoria Pruett, a human being, for cancer; . . . on or about the 29th day of January, 1947, . . . diagnosed the physicial condition of Jean Marchand, a human being, for cancer by performing an autopsy upon the body; . . . on or about the 22nd day of August, 1946, . . . diagnosed the physical condition of Turner Duncan, a human being, for cancer; . . . on or about the 29th day of February, 1946, . . . diagnosed the physical condition of Agatha Elda Bacacao, a human being, for retino blastoma; . . . on or about the 26th day of May, 1946, . . . diagnosed the physical condition of William George McCarley, a human being, for chronic myelied leukemia; that in performing said acts said A. E. Rhoden carried out the duties assigned and prescribed for him by respondent, and used, under the direction and control of respondent, the facilities of the Kern General Hospital; that at said time and place said A. E. Rhoden was, and was

known to respondent to be, an unlicensed practitioner under the laws of the State of California."

Accordingly, "appellant was found guilty by the board of unprofessional conduct as defined in Section 2392 of the Business and Professions Code of the State of California as charged in Counts I, and III through VIII of the accusation. His physician's and surgeon's certificate was suspended for a period of one year and he was placed on probation for a period of five years, the period of probation commencing at the termination of the one year suspension."

At the trial of the action the evidence consisted of "the transcript (consisting of 836 pages) and exhibits introduced in the administrative disciplinary proceeding before respondent Board, without the offering or receipt of any other evidence."

The trial court found for respondent board and denied the relief sought by petitioner, appellant herein.

It is contended on appeal that "The evidence is insufficient to support the verdict or judgment"; that "The verdict is against the law"; and that "The board erred in limiting appellant's proof of an emergency to conditions existing in Kern County."

The appeal is without merit.

■ With regard to "emergency," section 2144 of the Business and Professions Code provided that "nothing in this chapter prohibits service in the case of emergency"; it is this provision upon which appellant relies. Assuming that the foregoing provision applies, whether an emergency existed was for the board to determine in the first instance. If the determination of such question was supported by the evidence which in effect the trial court has decided, such decision by the trial court must be upheld on appeal. Respondents' argument in this connection, which is supported by the record, is as follows:

"Similarly, the testimony before the Board failed to support any honest claim of 'emergency' of any kind. According to appellant himself, he, notwithstanding his suggestion of the grievous emergency he claims, ceased personally so to do, and devoted his time to administrative matters not requiring a license from and after the time of his becoming Director of Health and Superintendent of the Hospital. Appellant further, for purposes of policy adopted by himself for the first time, required—literally forced—the cessation of services in

the hospital by the local practitioners who theretofore had constituted the visiting staff and had rendered services to the patients in the hospital throughout the years. This policy was apparently peculiar to appellant, insofar as the record indicates, and, we are informed, is unique as an attempt to operate a county hospital service without the assistance of local practitioners.

"Even appellant cannot possibly contend that the availability of physicians had not improved by March 22, 1947, although he continued to employ unlicensed persons until the very last day of the Board hearing—during the investigation of many months and the pendence of the disciplinary proceeding for weeks before that date. Notwithstanding the claimed 'emergency' appellant did finally, upon the last date mentioned, remove from the hospital and the health service all unlicensed persons, personally testifying:

" 'Q. Are there any unlicensed men at the Kern General Hospital at the present time? A. No, there are not.' "

As to the alleged error of the board limiting the evidence on the issue of "emergency," it is evident from a review of the record that there was no abuse of discretion in this regard.

The law supports the action of the board in every respect, as found by the trial court, and the evidence abundantly supports the judgment.

The judgment is affirmed.

White, J., concurred.