[Civ. No. 770.   Fifth Dist.   June 26, 1967.]

EVELYN E. COSGROVE et al., Plaintiffs and Appellants, v. COUNTY OF SACRAMENTO et al., Defendants and Respondents.

William D. Heekin for Plaintiffs and Appellants.

John B. Heinrich, County Counsel, for Defendants and Respondents.

CONLEY, P. J.—Evelyn E. Cosgrove, Joe J. Kendrick, Lee E. Stewart and Douglas Tyler, employees of the County of Sacramento, on August 7, 1963, filed this proceeding in the superior court praying for a peremptory writ of mandate against the County of Sacramento and its board of supervisors to require compliance with section 63, article XIV (Labor and Employment) of its charter, which reads as follows: "In fixing compensation, the Board of Supervisors shall at least annually, by ordinance, provide in each instance for the payment of not less than the prevailing or general current rate of compensation or wages paid by private employers in the County of Sacramento for similar quality or quantity of service, in case such prevailing compensation or wages can be ascertained. Preference in all cases shall be given to Sacramento County residents."

Prior to the filing of the petition, the board of supervisors had passed a salary ordinance for the year 1963, which was not pleasing to the petitioners. The original hearing eventuated in an order for the issuance of a peremptory writ, the trial judge saying in a memorandum:

"The Writ will therefore issue directing the Board to re-examine available data and to procure new data if necessary to determine what salaries and wages were prevailing in private employment in Sacramento County at the time in question and to determine in what classifications data is unavailable. Any reasonable method of investigation is proper but responsible summaries of data acquired and other documentary evidence should be part of the Board's records so that the same are available in the event of review proceedings. If after taking the above action the Board determines from all the evidence that any salaries are less than those required to be paid in accordance with Section 63 of the Charter it shall make new findings and enact a new ordinance to make up the deficiency for the period in question."

Formal findings of fact and conclusions of law were filed by the court on September 24, 1964, and terms of a judgment entered on the same date followed the requirements of the

above paragraph quoted from the memorandum of decision. The court specifically retained jurisdiction over the proceeding ". . . in order to permit review of the method of investigation conducted by the respondents under the said Writ of Mandate and the court directs the said respondents to file with the court a statement describing the method of investigation to be employed by respondents together with a statement containing respondents' best estimation of the time required in the conduct of the investigation or the various phases of said investigation." In the return, the county requested a postponement of the time ". . . relative to making a determination of the prevailing or general compensation or wages for the fiscal year 1963-64, sometime prior to January 1, 1965." The request was granted and the investigation was postponed accordingly. On December 3, 1964, a notice was served and filed by counsel for the appellants that a motion would be made on December 16, 1964, to compel respondents to make an interim report in compliance with the peremptory writ of mandate. Almost a year later, on December 10, 1965, a hearing was finally held by the court sitting without a jury at which evidence was taken. On December 23, 1965, the court addressed a letter to both counsel saying, among other things:

"At the prior hearing we were faced with the situation where the County had completely ignored the one thing that the Charter required. Since the Writ was issued, the County employed a reputable agency to make a survey. The survey has been made and a report filed. All interested persons were given an opportunity to come before the Board of Supervisors and object to this method of procedure, and to be heard as to any further evidence that they might have within their power to produce. It would seem to me that counsel for petitioner has had an opportunity to cross-examine witnesses in connection with the report that was filed, and also to question the Personnel Manager and the County Executive in connection with what they had done to comply with the Writ.

"It seems to me that it would be completely out of order to allow petitioners to sit back and take no part in the proceedings that were held for the express purpose of attempting to shed some light on the situation presented, and then allow them to come into Court and attack the findings of the Board as being unsupported. The difference, as heretofore stated. in this hearing from the previous one, is that here the Board has done something, and even though the survey might have been somewhat incomplete as compared to that conducted in larger

areas, nevertheless I believe that the Board made an honest attempt to comply and had a basis for the salary adjustments made in compliance with the Writ. It will therefore be unnecessary to have any further hearing in connection with this matter, and the County Counsel is directed to prepare the necessary order to show that compliance has been had.''

On February 17, 1966, the court signed and filed an ''Order and Findings Determining Compliance with Peremptory Writ of Mandate,'' showing that, in the opinion of the court, the board of supervisors acted in accordance with the writ, saying, among other things:

''WHEREAS, said Respondents did take action as required by said Writ, and pursuant to said Writ held public hearings and took additional evidence, and caused to be made a salary survey and report to ascertain the prevailing or general current rate of compensation or wages paid by private employers in the County of Sacramento for similar quality or quantity of services, as required by Section 63 of the Charter of the County of Sacramento; and

''WHEREAS, the Board of Supervisors, after the conclusion of public hearings, and the taking of action as required by the Writ, adopted Resolution No. 65-920 on the 30th day of August, 1965, in which it found and determined that certain classifications of employees were paid less than the prevailing or general rate of compensation for the fiscal year 1963-64, and fixed and order[ed] paid the compensation of said classifications in accordance with the prevailing or general current rate of compensation or wages paid by private employers in the County of Sacramento for similar quality or quantity of service for said fiscal year, but found and determined that the compensation paid all other employees of the County of Sacramento was comparable to the prevailing or general current rate of wages paid by private employers for the fiscal year 1963-64, in conformity with Section 63 of the County Charter; and

''WHEREAS, the matter of the compliance of Respondents with the Peremptory Writ of Mandate came on for hearing on the 10th day of December, 1965, and evidence, both oral and documentary, being introduced by the respective parties on the question of said compliance with said Writ of Respondents, and the matter being submitted to the Court for decision, and the Court being fully advised;

''Now, THEREFORE, IT IS HEREBY ORDERED, FOUND AND DETERMINED, that said Respondents have made full and com-

plete compliance with the Peremptory Writ of Mandate, and that the compensation fixed by the Respondent Board of Supervisors for all employees of the County of Sacramento for the fiscal year 1963-64, was not less than the prevailing or general current rate of compensation or wages paid by private employers in the County of Sacramento for similar quality or quantity of service, in all cases where such prevailing compensation of wages could be ascertained, as required by Section 63 of the Charter.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said Peremptory Writ be, and the same is hereby discharged."

It is doubtful, to say the least, whether or not there can be an effective appeal from a determination by a trial court that a peremptory writ of mandate issued by it has been complied with. Certainly, the court issuing the writ is best able to judge if it is satisfied with the performance as reported. However, we shall consider the merits of the appeal.

The evidence heard and examined by the court included a copy of Resolution No. 65-920 passed by the board of supervisors in due course, after its presumably attempted compliance with the peremptory writ of mandate; the resolution recites, among other things, that on the 24th day of September, 1964, the court ". . . directed this Board of Supervisors to examine all available data on salaries of Sacramento County employees to determine what salaries and wages were prevailing in private employment in Sacramento County just prior to the beginning of the 1963-64 fiscal year, and to determine in what classifications of County employment such data is unavailable; . . ."

The resolution states that the board held public hearings on February 8, 1965, May 12, 1965, and August 23, 1965, ". . . for the purpose of obtaining all available data on salaries of Sacramento County Employees, pursuant to the said Order of the Superior Court; . . ." and continues by saying that: ". . . additional information and data were presented to this Board of Supervisors in a report by the firm of Griffenhagen-Kroeger, Inc., a personnel consulting firm with extensive experience in conducting salary surveys; . . ."

The document further says that the board ". . . has examined all available data and other relevant material on such salaries;" and proceeds to a determination that ". . . the salaries and wages for Sacramento County employees for the 1963-64 fiscal year were comparable to the salaries and wages prevailing in private employment in Sacramento County just

50

prior to the beginning of the 1963-64 fiscal year, . . .'' except for some seven classifications. As to those classifications, the salary ordinance which was adopted May 27, 1963, was amended to conform with the requirements of the peremptory writ as to the seven classifications. Certain other amendments were incorporated, and there was a finding that otherwise the rates of compensation were confirmed as set forth in the original salary ordinance for the fiscal year 1963-64. The resolution was passed by the affirmative votes of all five supervisors.

Additional data was introduced at the final court hearing, including the Griffenhagen-Kroeger, Inc. report, which shows on its face considerable activity on the part of that firm in securing data required by the supervisors. There are, however, many blanks in the report, and the survey took only 10 days to complete, notwithstanding the long delay by the board and in the court proceedings. It cannot fairly be said that the board and the court did not have substantial evidence, though not as full as it might be, to support the board's resolution and the court's determination.

It should be kept in mind that the board of supervisors, as the legislative branch of government in the county, is entitled to the exercise of discretion in judging facts which constitute the basis of its resolutions and ordinances. (See *Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 731 [247 P.2d 362].) And later, the trial court had the right to exercise discretion on its own part in reaching its conclusions.

It seems to us that not much, if any, leeway is left to an appellate court to control the action of the trial court, when the trial court had before it substantial evidence upon which to act. As is said in 55 Corpus Juris Secundum, Mandamus, section 373, page 642: ''Rules governing the scope or extent of review in civil actions generally on appeal . . . apply to appeal . . . in mandamus proceedings.''

All presumptions usually made by an appellate court in considering appeals apply to a proceeding in mandamus. (55 C.J.S., Mandamus, § 373, (d), p. 646.) The judgment is presumed to be correct, and the burden is on appellant to show reversible error. (*Murphy* v. *Retirement Board,* 49 Cal.App.2d 58, 60 [121 P.2d 101]; *Williams* v. *Duffy,* 32 Cal.2d 578, 582 [197 P.2d 341] (cert. denied, 335 U.S. 840 [93 L.Ed. 391, 69 S.Ct. 57]). The presumption that public officials have performed their duty as required by law

is applicable (*Bandini Estate Co.* v. *Payne,* 10 Cal.App.2d 623, 626 [52 P.2d 959]).

■ The duty of determining questions of fact in proceedings in mandate heard below is for the trial court. (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665] ; *Dorothy* v. *Drapeau,* 9 Cal.App.2d 280 [49 P.2d 343] ; *Rilcoff* v. *State Board of Medical Examiners,* 90 Cal.App.2d 603 [203 P.2d 844] ; *Morgan* v. *City of Los Angeles,* 91 Cal. App.2d 134, 138 [204 P.2d 375] ; *Bogart* v. *Board of Medical Examiners,* 105 Cal.App.2d 250 [233 P.2d 100] ; *Stephenson* v. *Stoneman,* 148 Cal.App.2d 456, 464 [306 P.2d 1000].)

■ Findings of the lower court will not be disturbed by the appellate court if they are based on substantial evidence even though the evidence is conflicting. (*Drummey* v. *State Board of Funeral Directors,* 13 Cal.2d 75, 88 [87 P.2d 848] ; *Fickeisen* v. *Civil Service Com.,* 98 Cal.App.2d 419 [220 P.2d 605] ; *Borders* v. *Anderson,* 204 Cal.App.2d 401, 410-411 [22 Cal.Rptr. 243].) The upper court will not attempt to weigh the evidence. (*Faber* v. *Board Pension Comrs.,* 56 Cal.App.2d 825 [133 P.2d 404] ; *Ford* v. *Civil Service Com.,* 161 Cal.App. 2d 692, 696 [327 P.2d 148] ; *Yen Eng* v. *Board of Bldg. & Safety Comrs.,* 184 Cal.App.2d 514, 521 [7 Cal.Rptr. 564].) In essence, it seems that the appellants wish this court to weigh the evidence and to overturn the conclusion of the trial court that the peremptory writ issued by that court has been complied with.

It is easy for anyone to criticize the long delay in reaching a final decision as well as the failure of the board of supervisors to make a more extensive report; all of these matters involve elements which conceivably might lead the voters of the county to arrive at an adverse judgment relative to some of the responsible officials. But, under the law, this court has no viable ground to order a reversal.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.