[Civ. No. 43502. Second Dist., Div. Four. Jan. 23, 1975.]

JACK R. BRUSH, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Simon, Sheridan, Murphy, Thornton & Hinerfeld, Murphy, Thornton, Hinerfeld & Cahill, Robert E. Hinerfeld and Wallace L. Rosvall for Plaintiff and Appellant.

Burt Pines, City Attorney, John B. Rice, Assistant City Attorney, and Bert Glennon, Jr., Deputy City Attorney, for Defendants and Respondents.

## OPINION

**JEFFERSON, J.**—Petitioner Jack R. Brush sought a writ of administrative mandate (Code Civ. Proc., § 1094.5) to compel respondents, the City of Los Angeles, Edward M. Davis, Chief of the Los Angeles Police Department, and the Los Angeles Police Department, to reinstate him as a sergeant with the Los Angeles Police Department and to pay to him accumulated back salary. The trial court denied the writ and entered judgment for the respondents.

Since the judgment must be reversed for the reason hereinafter stated, we refer only briefly to the factual basis of petitioner's termination from employment.

Petitioner was first employed by the Los Angeles Police Department in 1963. The department, acting upon a tip from an unnamed informant, commenced an investigation in 1971 of events involving petitioner which had occurred in 1968. During the course of the investigation, petitioner was questioned by investigators for the department, and in 1971 and 1972 he denied the truth of certain charges which had been made against him by Lawrence E. Marken, namely that petitioner had, in 1968, planted narcotics in a suitcase in the possession of Marken and Doris Damone (later Doris Marken); had arrested them for possession of narcotics; and had subsequently testified falsely at a preliminary hearing on the narcotics charge with the objective of having the charges dismissed. It was charged that the motivation for the harassment of Marken and Damone by petitioner stemmed from his involvement with an informer and user of narcotics, Shirley Fleming, who had, just prior to the 1968 events, been in an altercation with Marken and Damone.

In 1972 petitioner was charged[1] with three counts of lying to departmental investigators and, after a board of rights hearing, was discharged from his employment. He then sought review of the administrative action in the trial court. At that time the trial court applied the standard of review approved by current decisional law, determining whether the administrative decision to terminate petitioner's employment was supported by substantial evidence contained in the administrative record.

---

[1]Along with Officer Roger Pida, petitioner's fellow arresting officer in the 1968 Marken matter, petitioner was charged with two counts of lying to departmental investigators, but Pida was acquitted after the joint departmental hearing.

█ While petitioner's appeal from the adverse judgment was pending, the California Supreme Court held, in *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28, 44-45 [112 Cal.Rptr. 805, 520 P.2d 29], that ". . . in all such cases [review of local agencies], if the order or decision of the agency substantially affects a fundamental vested right, the court, in determining under section 1094.5 of the Code of Civil Procedure whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence."

It is well established that employment is a fundamental vested right to which the standard of review specified by *Strumsky* is applicable (*Bixby* v. *Pierno,* 4 Cal.3d 130, 143 [93 Cal.Rptr. 234, 481 P.2d 242]; *Rigsby* v. *Civil Service Com.,* 39 Cal.App.3d 696, 700 [115 Cal.Rptr. 490]). In a subsequent modification of its opinion in *Strumsky,* the Supreme Court specified that the announced rule was applicable "to all pending and future proceedings in trial courts and all pending and future appeals." (11 Cal.3d at p. 45.) Since this was a pending appeal, we are compelled to reverse the judgment, in order to enable the trial court to reconsider the matter by exercising the standard of review set forth in *Strumsky,* i.e., independent review of the administrative record.

Petitioner and the respondents acknowledge the applicability of the *Strumsky* ruling to the matter before us, but ask us, in the interest of expediency, to conduct the de novo review in place of the trial court and decide the substantial, complex issues that have been raised by the briefs of the parties. This we cannot do, as we do not have the same power as the trial court does in reviewing the administrative proceedings. As we said in *Rigsby, supra,* 39 Cal.App.3d at page 701, "We point out that, although *Strumsky* imposes a new standard on trial courts, the standard for this court is the same as in any appeal from a trial court judgment—namely does the record contain substantial evidence to support its (now independently arrived at) findings."

█ For the guidance of the trial court on remand, we point out that, contrary to petitioner's contention, the disciplinary proceeding was not barred by the one-year limitation contained in section 202(1) of the city charter. The discipline is proposed by reason of false statements allegedly made in December 1971 and February 1972. The administrative complaint was filed April 4, 1972, well within the year.

It was not improper for the department to investigate, in 1971, reports that in 1968 officers had planted narcotics in the property of a suspect, leading to a fraudulent prosecution. In that investigation, it was proper to ask petitioner for information, and if he gave a false statement to officers at that time, he was subject to discipline for that offense.

We do not believe it appropriate to comment in this opinion as to the admissibility, competence, and weight of the various portions of the evidence introduced at the administrative hearing. Such review should await the trial court's review of the administrative record, which should result in findings of fact by the superior court based upon its evaluation of the evidence.

The judgment is reversed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1975.