Opinion
 

 THOMPSON, J.
 

 This is an appeal from a judgment in administrative mandamus which orders defendant Grover City to vacate its decision suspending plaintiff Hardy Estes from his position as a police officer for three days, placing him in the status as a probationary employee for six months, and reducing his pay grade by two steps, The city asserts that the trial court employed the improper standard of decision by applying that applicable to administrative mandate proceedings pursuant to Code of Civil Procedure section 1094.5 rather than that of traditional mandate pursuant to Code of Civil Procedure section 1085. The city contends, also, that the trial court erred in applying Government
 
 *512
 
 Code section 3307, effective after the administrative hearing but before trial, to bar evidence obtained by threat of a polygraph examination.
 

 Aided by a complete, cogent, and scholarly opinion of Judge William R. Fredman who presided in the trial of the case at bench, we conclude that the trial court properly reviewed the matter at bench pursuant to Code of Civil Procedure section 1094.5 using the “independent judgment test.” We conclude also that because the independent judgment test is required, the court was compelled to test the admissibility of evidence at the time of trial. We therefore affirm the judgment.
 

 Hardy Estes is a police officer employed by Grover City. Grover City has a personnel plan encompassed in resolution No. 286. Section 8 of the resolution provides for and establishes the grounds of discipline of employees. Discipline may consist of “dismissal, demotion without consent, reduction in pay (i.e., by a step within a range) suspension, written reprimand, oral reprimand, or any combination . . . .” Among the specified grounds of discipline are violations of rules and regulations, repeated tardiness, and conduct unbecoming a city officer or employee, either on or off duty. “Any permanent employee [has] the right to appeal any disciplinary action. [The] appeal shall be heard by the City Manager, and his decision shall be final.”
 

 Estes was charged by the Grover City Police Chief with conduct unbecoming a police officer. The charge was based upon an “unauthorized female in [Estes’ police] vehicle,” “calls” concerning Estes’ dog, and tardiness. There is a reference to Estes’ “activity” being “down” for the last two or three years. A hearing on the charges was held before the city administrator.
 

 The allegation that Estes had permitted an “unauthorized female” in his police car was supported at the hearing by: (1) inadmissible hearsay emanating from an undisclosed source arid (2) Estes’ admission made after a prior denial and on threat of a polygraph examination that he “did have the female in his car.” The allegation of “calls” concerning Estes’ dog was supported by testimony of a neighbor that she had called the Grover City police and animal regulation officers because the dog ran loose. The testimony was impeached by evidence that the neighbor was a
 
 *513
 
 constant complainer, and weakened by evidence that Estes had corrected any problem there might be by having disposed of the animal. Two instances of tardiness for work are disclosed by the testimony at the hearing. The reference to Estes’ activity “being down” is supported only by subjective impressions of supervisory personnel which are refuted by objective facts.
 

 The city administrator found all of the allegations of the charge against Estes to be true. The administrator ordered that Estes be suspended for three days, that he be reduced in salary two steps, a loss of pay from $525 to $476 per month, and that he be placed on probationary status for six months.
 

 Estes filed his petition with the superior court seeking review of the administrative action. The court ruled that the administrative action is reviewable pursuant to Code of Civil Procedure section 1094.5, and that standard of review is the independent judgment test. It determined that Government Code section 3307, which became effective January 1, 1977, after the administrative hearing but before trial, barred consideration of evidence of Estes’ admissions made because of the threat of a polygraph examination. Exercising its independent judgment of the evidence and excluding the testimony of Estes’ admission of the presence of “an unauthorized female” in his police car, the trial court determined: (1) there is no evidence of the unauthorized presence of any person in Estes’ police car other than hearsay so that the allegation is not sustained; (2) the allegations of the charge relating to Estes’ dog are not supported; (3) the allegation of two instances of tardiness is established; and (4) Estes’ “lack of activity” is not measurable against any legal standard and hence is not sustained.
 

 The trial court issued its writ of mandate directing the city to vacate its order disciplining Estes and to take additional proceedings necessary to impose discipline only on the allegation of tardiness. The writ also directs the city to reimburse Estes for any loss of pay found to be the result of an improper reduction in grade as the result of die city’s new determination.
 

 In this appeal from the trial court judgment, the city contends: (1) the trial court erred in reviewing the administrative determination pursuant to the independent judgment test of Code of Civil Procedure section 1094.5 rather than pursuant to the abuse of discretion test of traditional mandate provided in Code of Civil Procedure section 1085; and (2) the trial court erroneously gave “retroactive” effect to Government Code section 3307.
 

 
 *514
 

 Standard of Review
 

 Actions of an administrative agency which are adjudicatory in character are judicially reviewable by administrative mandamus as provided in Code of Civil Procedure section 1094.5.
 
 (City of Rancho Palos Verdes
 
 v.
 
 City Council
 
 (1976) 59 Cal.App.3d 869, 882 [129 Cal.Rptr. 173].) An agency acts in an adjudicatory capacity when, after a hearing, it applies previously adopted rules to an agency determined state of facts to reach a conclusion affecting the rights of a specific person.
 
 (Strumsky
 
 v.
 
 San Diego County Employees Retirement Assn.
 
 (1974) 11 Cal.3d 28, fn. 2 at p. 35 [112 Cal.Rptr. 805, 520 P.2d 29].) Where the administrative adjudicatory action “affects a fundamental vested right, the court, in determining under section 1094.5 of the Code of Civil Procedure whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence.”
 
 (Strumsky, supra,
 
 at p. 44.)
 

 Here the city administrator conducted a hearing mandated by section 8 of Grover City resolution No. 286. In the course of that hearing, he was required to apply previously adopted rules to specific facts to reach a conclusion affecting the rights of Estes. The hearing was thus adjudicatory in character. Hence the determination reached by the city administrator is judicially reviewable pursuant to Code of Civil Procedure section 1094.5.
 

 Here the action of the city administrator affected a “fundamental vested right” as that terminology is used in establishing the applicable standard of judicial review pursuant to section 1094.5. Estes is a permanent, nonprobationaiy employee whose right in public employment is deemed “vested” and “fundamental.”
 
 (Brush
 
 v.
 
 Los Angeles
 
 (1975) 45 Cal.App.3d 120, 123 [119 Cal.Rptr. 366].)
 

 Our specific query must thus consider whether the vested and fundamental nature of the right to public employment encompasses the right to employment without substantial open-ended reduction in pay grade. The rationale and result of cases considering other applications of the standard indicate that it does. “ ‘In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation.’ ”
 
 (Anton
 
 v.
 
 San Antonio Community Hosp.
 
 (1977) 19 Cal.3d 802, 823 [140 Cal.Rptr. 442, 567 P.2d 1162], quoting
 
 *515
 

 Bixby
 
 v.
 
 Pierno
 
 (1971) 4 Cal.3d 130, 144 [93 Cal.Rptr. 234, 481 P.2d 242].) The right of the survivor of a public employee to a service-connected death benefit “almost three times the nonservice-connected death allowance of $181.03 per month” is “fundamental”
 
 (Strumsky v. San Diego County Employees Retirement Assn., supra,
 
 11 Cal.3d 28, 33, 45). So is the right of a physician to staff privileges in a particular private hospital
 
 (Anton
 
 v.
 
 San Antonio Community Hosp., supra,
 
 19 Cal.3d 802, 803). Pay grade is certainly important in “the life situation” to a modestly compensated public employee. The life of a person earning $525 per month is inevitably drastically affected by a $49 diminution in pay and the prospect that his earnings for the remaining period of his public employment will continue to be diminished. The difference between the situation and the diminution in survivors’ benefits considered in
 
 Strumsky
 
 is one of degree rather than of kind. The effect upon the life situation of a $49 per month open-end reduction in pay of an employee earning $525 per month may well be greater than the denial of staff privileges in one hospital as in
 
 Anton
 
 to a highly compensated physician.
 

 We thus conclude that the trial court correctly reviewed the adjudicatory action of the city administrator pursuant to Code of Civil Procedure section 1094.5, and correctly applied the independent judgment test as its standard of review.
 

 Government Code Section 3307
 

 Government Code section 3307 enacted in the 1976 session of the Legislature and effective January 1, 1977, states: “No public safety officer shall be compelled to submit to a polygraph examination against his will. No disciplinary action or other recrimination shall be taken against a public safety officer refusing to submit to a polygraph examination, nor shall any comment be entered anywhere in the investigator’s notes or anywhere else that the public safety officer refused to take a polygraph examination, nor shall any testimony or evidence be admissible at a subsequent hearing, trial, or proceeding, judicial or administrative, to the effect that the public safety officer refused to take a polygraph examination.”
 

 Section 3307 was not effective at the time of the administrative hearing on the charges against Estes. It became effective before the judicial proceeding conducted pursuant to Code of Civil Procedure section 1094.5. The case at bench thus squarely presents the apparently novel issue of the law applicable to test the competency of evidence received at
 
 *516
 
 an administrative hearing where judicial review proceeds applying the “independent judgment test.”
 

 We conclude that the trial court correctly tested the competency of evidence by the law in effect at the time of judicial review.
 

 A statutory change occurring during the course of judicial review of an administrative adjudicatory determination which removes the substantive basis for discipline imposed by the administrative agency precludes affirmance of the agency’s action unless the statute contains a saving clause.
 
 (Governing Board
 
 v.
 
 Mann
 
 (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1].) There is a greater reason to apply the statutory change where it is procedural in character. In the context of the case at bench, procedural changes do not present a problem of retroactivity of the legislation; rather, the procedural statute is deemed operative prospectively to control proceedings at trial.
 
 (Aetna Cas. & Surety Co.
 
 v.
 
 Ind. Acc. Com.
 
 (1947) 30 Cal.2d 388, 393-394 [182 P.2d 159].) Here the trial court was required to exercise its independent judgment based upon the record made in the administrative proceeding. In exercising that judgment, it, in effect, determined the matter afresh. That independent determination of necessity involved consideration of what evidence was competent at the time of judicial review.
 

 The trial court’s determination that Estes’ admission when faced with the threat of a polygraph examination is incompetent evidence is supported by the record.
 

 While no constitutional right excuses a police officer from answering questions asked of him in a disciplinary proceeding where his response or lack of it is used to impose discipline
 
 (Gardner
 
 v.
 
 Broderick
 
 (1968) 392 U.S. 273 [20 L.Ed.2d 1082, 88 S.Ct. 1913];
 
 Szmaciarz
 
 v.
 
 State Personnel Bd.
 
 (1978) 79 Cal.App.3d 904, 917-919 [145 Cal.Rptr. 396]), Government Code section 3307 creates a statutory privilege against compulsion upon a police officer to submit to a polygraph examination and a prohibition against adverse inferences being drawn from his refusal to do so. When Estes was interrogated, he faced the choice of altering his original denial, submitting to the polygraph examination, or being dismissed. The enactment of section 3307 materially changed the range of choices. Estes could then stand on his original denial although it was false without risk of polygraph refutation. If California followed the rule enunciated by the United States Supreme Court in
 
 Harris
 
 v.
 
 New York
 
 (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643], we would conclude that the new statute
 
 *517
 
 should not be applied to allow Estes to perpetuate a lie. In
 
 People
 
 v.
 
 Disbrow
 
 (1976) 16 Cal.3d 101 [127 Cal.Rptr. 360, 545 P.2d 272], however, our own Supreme Court declared that the right to perpetuate the lie against the threat of an illegal confession is of constitutional dimension. Estes was hence denied a right created by the new statute. Because section 3307 became applicable to the matter at bench, the trial judge could properly conclude that, in light of the statute, the improper limitation upon Estes’ freedom of choice coerced his statement.
 

 Disposition
 

 The judgment is affirmed.
 
 [1]
 

 Lillie, Acting P. J., and Hanson, J., concurred.
 

 [1]
 

 Estes asserts in his brief that the judgment should be modified to preclude the city administrator from considering discipline based upon tardiness. Not having filed a cross-appeal, Estes is precluded from asserting that contention.