[No. D009302. Fourth Dist., Div. One. May 16, 1990.]

SUE LEE, Plaintiff and Appellant, v.
BOARD OF CIVIL SERVICE COMMISSIONERS et al., Defendants
and Respondents.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part V.

**COUNSEL**

Gorden E. von Kalinowski, Jack L. Dobrin and Stephen R. Brodsky for Plaintiff and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Andrew J. Freeman, Deputy County Counsel, for Defendants and Respondents.

OPINION

**TODD, Acting P. J.**—The sole issue on this appeal is whether the San Diego County Board of Civil Service Commissioners (Board; also known as the Civil Service Commission) lawfully revised its administrative personnel policy without making any change in civil service rules so that overtime hours Sue Lee worked during her probationary period did not count in reducing her probationary period. Lee appeals the trial court's denial of her first amended petition for writ of mandate seeking reinstatement, backpay, interest, benefits, attorney's fees and costs with respect to her termination from county public employment as a staff nurse on June 12, 1987, as of which date the Board and the trial court held Lee was a probationary employee dischargeable without cause.

Lee's position is that if the Board had applied its usual practice of deducting absences and crediting overtime in calculating the probationary period, she would have completed her probationary period on June 5, 1987, and the Board would have to reinstate her because she was discharged without good cause. The trial court, however, upheld the Board's application to Lee of a revised personnel policy of not crediting overtime hours Lee worked toward completion of her probationary period, with the result her probationary period was not completed as of the June 12, 1987, date of her discharge and would not end until June 24, 1987. We affirm the trial court's decision.

FACTS

On November 7, 1986, Lee was hired as a staff nurse II in the San Diego County Department of Health Services (DHS) and was assigned to work at the county mental health facility in Hillcrest (CMH). She began serving a six-month probationary period, which in the ordinary course of events would end on May 7, 1987. During the probationary period Lee was charged with using up time for such things as compensatory time off, leave without pay, illness and light duty. For these items a total of 263 hours (33 working days) was added to the 6-month probationary period. Also during the probationary period Lee worked 95.5 hours of overtime which the Board determined not to credit toward Lee's probationary period. This determination was different from the treatment given in six other cases since 1980 in which the Board applied a formula consisting of a six-month block of time plus any leave time minus overtime worked.

Although she had exhibited some problems in terms of being argumentative and making two medication errors, Lee's midprobationary performance evaluation gave her an overall rating of standard as of February 7, 1987. In late January 1987 Lee was transferred from the p.m. shift in ward 200 to the

a.m. shift in ward 100 where her problems began. She had been told the transfer would be temporary but was informed in early February she would work on ward 100 indefinitely because her work performance allegedly had not been adequate. Lee began receiving numerous criticisms which a hearing officer found "were often insignificant or there was a reasonable explanation for the alleged problem."

In February 1987 DHS initiated proceedings to terminate Lee. However, after Lee filed a discrimination complaint on February 18, 1987, the termination proceedings were stayed pending investigation of the discrimination charge. It was found there was no probable cause for the charge.

On March 17, 1987, Lee was injured when assaulted by a patient. She was assigned to light duty for two to three weeks. By letter dated June 10, 1987, treating Lee as a probationary employee, Lee was terminated effective June 12, 1987.

On December 2, 1987, the Board adopted the findings, conclusions and proposed decision of a hearing officer who could not find racial discrimination existed in DHS regarding Lee and who concluded, in part: "Under Civil Service Rule 4.2.5(c), a probationary employee may be dismissed at any time and has no right to appeal the dismissal to the Civil Service Commission. Because the charge of racial discrimination was not proven, the department had the authority to terminate complainant during her probationary period, and she has no right to appeal that termination."

As a result of Lee's request for an investigation and injury leave hearing brought on the basis of Lee's assertion she had passed her probationary period, on March 2, 1988, the Board made the ruling here at issue. Specifically, the Board adopted the recommendation of Civil Service Commissioner Merrill Groat as to the interpretation of civil service rule 4.2.5(b)[1] that overtime worked not be subtracted from a probationary period, affirmed that DHS terminated Lee within the probationary period and denied Lee's request for reinstatement and backpay.

Lee filed her petition for writ of mandate under Code of Civil Procedure section 1094.5 on March 1, 1988, and her first amended petition for writ of mandate on April 11, 1988. The matter was heard September 8, 1988, and formal judgment entered November 4, 1988. Because Lee did not file a

---

[1] Civil service rule 4.2.5(b) provides: "No period of absence, or limited duty assignment which is made necessary by a temporary physical or mental disability as determined by a doctor, shall be credited toward completion of the probationary period, provided, however, that at the written request of the appointing authority the Director may credit a maximum of 15 days of absence or limited duty during the probationary period."

complete record of the December 2, 1987, decision of the Board dealing with the issue of racial discrimination, the trial court denied the petition as to that decision. With respect to the March 2, 1988, decision concerning Lee's probationary status, the trial court found:

"a. The probationary period was six months.

"b. This six months were [*sic*] properly extended, under the Civil Service rules, when petitioner was on injury leave and light duty assignment and not subject to evaluation by her supervisor.

"c. The Civil Service rules do not allow shortening the six month period to take into consideration overtime work. The Court does not find a valid legal or equitable argument to support petitioner's argument to allow such consideration."

Accordingly, the trial court denied the petition, also ordering that Lee's probationary period "was properly established and extended by the Civil Service rules . . . and properly determined" by the Board, and that Lee "failed to complete the probationary period."

DISCUSSION

I

■ Preliminarily, it must be noted that probationary employees have only statutory rights and have no vested interest in employment. (*Anderson v. State Personnel Bd.* (1980) 103 Cal.App.3d 242, 249 [162 Cal.Rptr. 865].) A rejected probationary employee may be reinstated only on a showing that there was no substantial evidence to support the rejection. (*Ibid.*) The independent judgment test applicable to a permanent, nonprobationary employee (see *Brush* v. *City of Los Angeles* (1975) 45 Cal.App.3d 120, 123 [119 Cal.Rptr. 366]) does not pertain to a rejected probationary employee. Absent proof to the contrary, it is to be presumed the findings of the administrative agency are correct and supported by substantial evidence (*Smith* v. *Regents of University of California* (1976) 58 Cal.App.3d 397, 405 [130 Cal.Rptr. 118]) and that the agency performed its duties as required by law (*Cosgrove* v. *County of Sacramento* (1967) 252 Cal.App.2d 45, 50-51 [59 Cal.Rptr. 919]). It is the petitioner's burden to demonstrate that the administrative proceedings were unfair or constituted an abuse of discretion. (*Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 453 [190 Cal.Rptr. 893].)

## II

■   A dominant theme in Lee's argument is that *Wiles* v. *State Personnel Board* (1942) 19 Cal.2d 344 [121 P.2d 673] requires that the overtime hours Lee worked be credited toward completion of the probationary period. That case did not deal with overtime hours, but rather with time the probationary employee spent in a hospital where he continued to carry on the duties of his office, keeping daily contact with the office by telephone and being visited frequently by his superiors who evaluated his performance as satisfactory. (*Id.* at p. 348.) *Wiles* held: "From these facts it is clear that the purposes and objects of the probationary period were fulfilled during the time petitioner was in the hospital. *Under such circumstances* that time should not be deducted from the probationary service." (*Ibid.*, italics added.)

*Wiles* properly is to be read as limited to the circumstances shown to exist in that case, particularly the fact that the probationary employee "continued to do his work under direct supervision of the appointive power during his absence from the office." (*Wiles* v. *State Personnel Board, supra,* 19 Cal.2d at p. 348.) *Wiles* recognized there can be circumstances where the time spent away from the position should not be included in determining the termination of the probationary period. (*Ibid.*) It seems clear under *Wiles* that at a minimum there must be present the essential characteristic of supervision during the performance of the probationary employee's work for the time during which the performance occurred to be counted as partial completion of the probationary period. Given the probationary employee's affirmative burden in the matter, it is incumbent on the employee to demonstrate this supervised work aspect was present for any period of time the probationary employee seeks to have counted toward completion of the probationary period. In this case we have no more than a statement of the number of hours Lee was present, absent and on light duty. Lee has not met her burden of demonstrating the Board abused its discretion in not crediting her with the overtime hours worked. (See *Foster* v. *Civil Service Com., supra,* 142 Cal.App.3d 444, 453; see also *Chamberlain* v. *Ventura County Civil Service Com.* (1977) 69 Cal.App.3d 362, 371 [138 Cal.Rptr. 155]; *Gong* v. *City of Fremont* (1967) 250 Cal.App.2d 568, 574 [58 Cal.Rptr. 664].)

## III

■   Lee contends the Board's reinterpretation of the method for calculation of completion of a probationary period violates laws of statutory construction. Lee refers to the Board's determination not to credit her with overtime worked, unlike the interpretation it had given to civil service rule 4.2.5(b) in six other cases since 1980. She points out the Board's investiga-

tion report, in recounting the background of the case, states that although county counsel in 1980 did not provide a written opinion on the question, a staff report includes the statement "the Personnel Department consulted with County Counsel as to the propriety of their policy (crediting overtime even though not specified in the rules) and counsel agreed the logic was reasonable," and the Board adopted the formula of "six months (block of time), plus any leave time minus overtime worked." This formula set a precedent for subsequent cases dealing with similar issues.

The Board adopted and filed the March 2, 1988, investigation report, and specifically the interpretation of civil service rule 4.2.5 stated in paragraph 2 below. The investigation report states in part: "2. That Civil Service Rule 4.2.5(b) partially states that 'No period of absence, or limited duty assignment which is made necessary by a temporary physical or mental disability as determined by a doctor, shall be credited toward completion of the probationary period.' The DHS counsel recently opined that 'This provision clearly requires all departments to add on to a probationary period for time taken off for any absence or limited duty assignment. . . .nowhere does this rule deal with overtime worked being subtracted from a probationary period'.

"3. That this Commissioner acknowledges that the acceptance of the above Counsel opinion impacts Ms. Lee. However, please be reminded that past and present Civil Service Rules do not allow for crediting or subtracting overtime hours when calculating the extension of the probation period. The Commission has the opportunity to rectify a misinterpretation of the rule and adopt a formula in accordance with Rule 4.2.5(b).

"4. That the outcome of cases prior to 1988 would not be affected if the Commission adopts the interpretation of Rule 4.2.5(b) as stated in number 2 above and the revised formula, excluding overtime, for calculating the extension of the probation period.

"5. That Civil Service Rule 4.2.5(c) states that it is the duty of the appointing authority to thoroughly evaluate the competency of an employee during the probation period, and that the appointing authority shall dismiss a probationer when he/she is found performing below standard. Further, an employee dismissed within his/her probation period shall have no right to appeal to the Civil Service Commission."

As previously noted the Board affirmed that DHS terminated Lee within the probationary period as extended by Lee's absences and light duty time, and denied her request for reinstatement and backpay.

Lee argues the principle that the long-term construction of a measure by an administrative agency is entitled to great weight (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 491 [156 Cal.Rptr. 14, 595 P.2d 592]) should be applied to the Board's earlier interpretation so that the trial court should have rejected it only if it was found to be clearly erroneous, and the trial court made no such finding. Moreover, Lee argues the principle of *expressio unius est exclusio alterius* applies because civil service rule 4.2.5 "specifically mentions certain exclusions from the probationary calculation, but there is no rule excluding overtime," with the result that Lee's overtime hours should have been included in calculating her probationary period.

Lee's argument is not well taken. First, since civil service rule 4.2.5 makes no provision for including overtime hours in calculating the probationary period, there was no basis for the Board to do so before Lee's case arose. By doing so, the Board was adding terms that did not exist and resulted in clearly erroneous determinations. Thus, the "great-weight" principle stated in the *Gay Law Students* case, *supra*, 24 Cal.3d at page 491, does not support Lee's position.

Second, as Lee recognizes, civil service rule 4.2.5 contains "no rule excluding overtime." The rule is silent on the subject of overtime, only addressing periods of absence and limited duty assignments. The principle of *expressio unius est exclusio alterius* means that where exceptions to a general rule are specified, other exceptions are not to be implied or presumed. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].) The general rule applicable here is that "[a]ll appointments from employment lists to permanent positions shall be for a probationary period of six months or such longer period as established by the Director prior to the appointment." (Civil service rule 4.2.5(a).) In accordance with this general rule the expressed exceptions for periods of absence and limited duty assignments operate to extend the six-month probationary period.[2] Since there is no other provision operating to either extend or shorten the six-month probationary period, the principle of *expressio unius est exclusio alterius* operates here to limit the application of any exceptions to the six-month rule to periods of absence or limited-duty assignments, both of which extend the probationary period. No reduction of the probationary period is authorized. (See *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 282 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]; *Wilcox* v. *Enstad* (1981) 122 Cal.App.3d 641, 653 [176 Cal.Rptr. 560].)

---

[2] The extension of the probationary period may not occur if the specific provision that "at the written request of the appointing authority the Director may credit a maximum of 15 days of absence or limited duty during the probationary period" is invoked. (Civil service rule 4.2.5(b).)

## IV

■ Lee contends the Board's reinterpretation of the method for calculating her probationary period may not be retroactively applied to her. Lee relies on general canons of interpretation applicable to enacted measures that they are not to be given retrospective operation unless it is clearly made to appear that such was the legislative intent. (See *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 153 [233 Cal.Rptr. 308, 729 P.2d 743]; and see *Andreadis* v. *Board of Trustees* (1976) 59 Cal.App.3d 344, 351 [130 Cal.Rptr. 652] [" 'Generally, the same rules of construction and interpretation which apply to statutes govern the construction and interpretation of rules and regulations of administrative agencies.' "].)

Here, however, we do not consider a change in any enacted measure. Rather, the measure in question, civil service rule 4.2.5, has remained unchanged and the agency's interpretation of it has changed from one that was clearly erroneous to a correct interpretation. Pursuant to its authority,[3] and as stated in paragraph 3 of the investigation report quoted above, the Board merely took advantage of "the opportunity to rectify a misinterpretation of the rule and adopt a formula in accordance with Rule 4.2.5(b)."

Under these circumstances it is not appropriate to apply general canons of interpretation. The Board's action does not represent retroactive application of any newly adopted measure to Lee. The measure, civil service rule 4.2.5, remained the same and was interpreted and applied correctly to her case with appropriate reason given for doing so. The Board acted within its authority and committed no abuse of discretion in acting upon Lee's case in this manner. (See *Montana Power Co.* v. *Environmental Protection Agcy.* (9th Cir. 1979) 608 F.2d 334, 344-345, 347; *Greyhound Corp.* v. *I.C.C.* (D.C. Cir. 1977) 551 F.2d 414, 416 [179 App.D.C. 228]; *Columbia Broadcasting System, Inc.* v. *F. C. C.* (D.C. Cir. 1971) 454 F.2d 1018, 1026 [147 App.D.C. 175].)

## V*

. . . . . . . . . . . . . . . . . .

---

[3] Under the San Diego County Charter, the Board, among other things, is empowered to "investigate . . . the conduct and operations of all departments" and "make any necessary orders . . . to carry out the provisions of the Charter and the Civil Service Rules." (San Diego County Charter, §§ 907, 907.1.)

* See footnote, *ante,* page 103.

## DISPOSITION

Judgment affirmed.

Benke, J., and Nares, J., concurred.