[Civ. No. 47131. Second Dist., Div. Two. Jan. 29. 1976.]

RONALD L. QUINTANA, Plaintiff and Respondent, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Appellant.

Satzman & Smolen and Geffner & Satzman and Michael Smolen for Plaintiff and Respondent.

**OPINION**

**COMPTON, J.**—Ronald Quintana joined the California Highway Patrol in March of 1965. In February of 1966, while operating a Highway Patrol vehicle, he was involved in an accident and suffered physical injuries. He was off duty for a period of three months, assigned to limited duty for seven to eight months and thereafter returned to full duty, the first two months of which he served on regular patrol duty.

For the ensuing five years he was assigned to special public relations and investigative positions not involving regular patrol duty. Then in November of 1972, he was reassigned to patrol duty and in August of 1973, he filed an application for disability retirement.

Quintana contended, and in the administrative hearings, testified and offered medical evidence to the effect that, because of a pathology in his neck caused by the previous accident, he was unable to operate a patrol car for the extended periods of time required for patrol duty. On the other hand a doctor who was appointed to examine Quintana testified in those administrative proceedings that, while he detected the presence of a minimal or mild cervical disc disease he found no pathology that would interfere with the performance of the duties of a member of the California Highway Patrol.

The hearing officer found that the evidence failed to establish Quintana's incapacity to perform his duties. The decision of the hearing officer recites that "Although the evidence establishes that respondent suffers pain caused by driving a patrol car, it does not establish that he is unable to carry out a substantial portion of the duties required of Highway Patrolmen." The Board of Administration Public Employees' Retirement System (the Board)[1] adopted the decision of the hearing officer and denied Quintana's application.

---

[1] The Board is created by statute (Gov. Code, § 20101) and is not of constitutional origin.

On Quintana's petition, the superior court issued a peremptory writ of mandamus directing the Board to vacate its decision and to grant Quintana's application for disability retirement. The Board has appealed.

The trial court in its written findings declared that the Board's decision was supported by substantial evidence but that in the court's independent judgment the evidence preponderated in favor of Quintana's claim of disability.

■ At issue is whether the decision of the Board substantially affects a fundamental *vested* right. If it does then the trial court correctly applied its independent judgment as to the weight of the evidence. (*Bixby* v. *Pierno,* 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242].) If it does not, and the matter involves merely the seeking of a right not yet possessed, then ". . . since the administrative agency must engage in the delicate task of determining whether the individual qualifies for the sought right, the courts have deferred to the administrative expertise of the agency," (*Bixby,* p. 144) and the "substantial evidence" test applies.

■ The general purpose of the California State Retirement System as set forth in Government Code section 20001[2] is to prevent hardship to state employees who because of age or disability are replaced by more capable employees. The pension system serves as an inducement to enter and continue in state service (*Phillipson* v. *Board of Administration,* 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765]) and the provisions for disability retirement are also designed to prevent the hardship which might result when an employee who, for reasons of survival, is forced to attempt performance of his duties when physically unable to do so.

■ As a member of the California Highway Patrol, Quintana had a vested right to continued employment absent the existence of a legal cause for termination. (*Salyer* v. *County of Los Angeles,* 42 Cal.App.3d 866 [116 Cal.Rptr. 27]; *Brush* v. *City of Los Angeles,* 45 Cal.App.3d 120 [119 Cal.Rptr. 366].) During his employment he had a right to participate in the pension system and, by satisfactory completion of

---

[2] Government Code section 20001 states: "The purpose of this part is to effect economy and efficiency in the public service by providing a means whereby employees who become superannuated or otherwise incapacitated may, without hardship or prejudice, be replaced by more capable employees, and to that end provide a retirement system consisting of retirement compensation and death benefits."

specific years of service and the attainment of a specified age, qualify for a pension. (Gov. Code, § 20950; also see *Kern* v. *City of Long Beach*, 29 Cal.2d 848 [179 P.2d 799].)

Additionally, Quintana had a right to receive a pension at an earlier date "If the medical examination and other available information *show to the satisfaction of the board,* that [he] is incapacitated physically or mentally for the performance of his duties . . . ." (Italics added.) (Gov. Code, § 21025.)

Government Code section 21020 states: "As used in this part, 'disability' and 'incapacity for performance of duty' as a basis of retirement, mean disability of permanent or extended and uncertain duration, as determined by the board on the basis of competent medical opinion."

In *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], the widow of a deputy county marshal sought a service-connected death benefit under Government Code section 31787, which benefit would be greater than what she would receive in the case of a nonservice-connected death. The Supreme Court there held that the determination of whether the death was or was not service connected required a judicial determination as to the weight of the evidence produced in the administrative proceedings.

The court in *Strumsky* pointed out that until the happening of the contingency upon which either benefit was payable, in that case the death of the husband, the wife had no vested right in the pension but upon the happening of that event she acquired a vested right in one or the other.

Here the contingency that would give rise to a right to receive pension payments is the existence of a disability and in one sense that right is not "vested" until the disability is established in the appropriate administrative proceedings. (*Brophy* v. *Employees Retirement System,* 71 Cal.App.2d 455 [162 P.2d 939].)

It is to be noted, however, that in *Strumsky* the right to the *higher* award was not "vested" until a determination of "service connected" was made. The same considerations that led the court in *Strumsky* to require a judicial determination of the issue of service versus nonservice

connection require a judicial determination of the existence of the disability here. In fact, it could be said that the decision here as to the sufficiency of the evidence of disability has a more critical effect on Quintana's fundamental right than the effect of the decision at issue in *Strumsky* had on the widow's rights there. An erroneous decision of "non-disability" by the Board in the case of an employee who is in fact disabled could result in the forced resignation of that employee and a complete loss of pension rights.

"[W]here . . . services are rendered under . . . a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment itself." (*O'Dea* v. *Cook,* 176 Cal. 659, at pp. 661-662 [169 P. 366]; also see *Sweesy* v. *L. A. etc. Retirement Bd.,* 17 Cal.2d 356, at pp. 359, 360 [110 P.2d 37].) A right to a pension is an integral part of contemplated compensation. (*Dryden* v. *Board of Pension Commrs.,* 6 Cal.2d 575, 579 [59 P.2d 104]; *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799].)

"A public employee . . . acquires a vested contractual right to a substantial pension. This right arises before the happening of the contingency which makes the pension payable, and it cannot be constitutionally abolished by subsequent changes in the law." (*Wallace* v. *City of Fresno,* 42 Cal.2d 180, at p. 183 [265 P.2d 884]; also see *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 531-532 [319 P.2d 624].)

■ Whether the administrative decision or class of decisions substantially affects fundamental vested rights and thus requires independent judicial review is to be decided on a case-by-case basis. (*Merrill* v. *Department of Motor Vehicles,* 71 Cal.2d 907 [80 Cal.Rptr. 89, 458 P.2d 33]; *Beverly Hills Fed. S. & L. Assn.* v. *Superior Court,* 259 Cal.App.2d 306 [66 Cal.Rptr. 183].) In such a case-by-case analysis the trial court must consider the nature of the right of the individual that will be substantially affected by the action of the administrative agency. In *Strumsky* it is clear that the Supreme Court placed greater emphasis on the quality of the right involved than on the technical aspects of vesting.

■ Quintana had a fundamental vested right to a disability retirement pension if he in fact was disabled and the decision of the Board on that threshold question would certainly have a substantial effect on that right. An adverse decision could destroy the right. We are of the opinion that this is the very type of decision which the court had in

mind in *Bixby* v. *Pierno, supra,* 4 Cal.3d 130, in mandating an independent judicial review of an administrative decision because "[t]he abrogation of the right is too important to the individual to relegate it to exclusive administrative extinction." (*Id.,* at p. 144.)

After the trial court has exercised its independent judgment upon the weight of the evidence, this court need only review the record to determine whether the trial court's findings are supported by substantial evidence. (*Foreman & Clark Corp.* v. *Fallon,* 3 Cal.3d 875 [92 Cal.Rptr. 162, 479 P.2d 362]; *Yakov* v. *Board of Medical Examiners,* 68 Cal.2d 67 [64 Cal.Rptr. 785, 435 P.2d 553]; *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301 [196 P.2d 20].) The trial court's findings are so supported in this case.

The judgment is affirmed.

Fleming, Acting P. J., and Beach, J., concurred.

On February 19, 1976, the opinion was modified to read as printed above.