[No. G001386. Fourth Dist., Div. Three. Feb. 11, 1987.]

THOMAS LEE WATKINS, Plaintiff and Appellant, v.
CITY OF SANTA ANA et al., Defendants and Respondents.

COUNSEL

Seth J. Kelsey for Plaintiff and Appellant.

Edward J. Cooper, City Attorney, Richard E. Lay, Assistant City Attorney, Robert J. Wheeler and Luis A. Rodriguez, Deputy City Attorneys, for Defendants and Respondents.

OPINION

WALLIN, Acting P. J.—Thomas Lee Watkins appeals from an order denying his petition for writ of mandate and sustaining, without leave to amend, the demurrer by the City of Santa Ana.

Watkins was employed as a police officer by the City of Santa Ana from April 1972 through June 1981. In August 1982, he applied for workers' compensation benefits with the Workers' Compensation Appeals Board (WCAB) and for disability retirement benefits with the Public Employees' Retirement System (PERS).[1] The Board of Administration (board) for PERS forwarded the disability retirement application to the city for a determination of disability under section 21024 of the Government Code.[2]

The city delayed determining Watkins's incapacity to perform as a police officer pending the outcome of the WCAB claim.[3] Apparently tired of waiting for the city to act, Watkins filed a petition for writ of mandate in superior court to compel the city to hold an evidentiary hearing and determine whether he was disabled. The city demurred, contending an evidentiary hearing was not required on an application for disability retirement.

Prior to the hearing on the demurrer, the acting city manager determined Watkins was not incapacitated based on the reports of two doctors. The city's determination was then certified to the board. Although there is no indication in the record that the board formally denied Watkins' application for disability benefits, it apparently did so based on the city's determination.

The city then filed a supplemental declaration in support of its demurrer, attaching its certification and renewing its request that the writ of mandate be denied "in light of the fact that, under Government Code § 21026, the Workers' Compensation Appeals Board is now vested with the jurisdiction to detemine whether Mr. Watkins' alleged disabilities are industrial in nature." The trial court sustained the city's demurrer without leave to amend and denied the petition for writ of mandate. It found Watkins had failed to follow the procedural guidelines of sections 21026.1 and 21026.2, and thus had not stated a cause of action for issuance of a writ.[4]

---

[1]The City of Santa Ana is a contracting agency of PERS.

[2]Section 21024 provides in part, "On receipt of an application for disability retirement of a member, other than a local safety member, the board shall . . . order a medical examination of a member who is otherwise eligible to retire for disability to determine whether the member is incapacitated for the performance of duty. On receipt of such application with respect to a local safety member, the board shall request the governing body of the contracting agency employing such member to make such determination." Pursuant to Resolution No. 74-6, the city has delegated authority to the city manager to make the determination of incapacity for disability retirement purposes. All future statutory references are to the Government Code unless otherwise specified.

[3]A claim for disability benefits with the WCAB is a process separate from the application for disability benefits with PERS.

[4]Sections 21026.1 and 21026.2, respectively, provide for rehearing by the WCAB and review in the Supreme Court or Court of Appeal of the WCAB's finding of causation.

Section 21026 provides, "If a member is entitled to a different disability retirement allowance according to whether the disability is industrial or nonindustrial and the member claims that the disability as found by . . . the governing body of his employer, is industrial and such claim is disputed by . . . such governing body, the Workers' Compensation Appeals Board, using the same procedure as in workers' compensation hearings, shall determine whether such disability is industrial." ■ The city contends this section grants *exclusive* jurisdiction to the WCAB to determine whether Watkins was incapacitated and therefore the trial court did not have jurisdiction to consider the petition for writ of mandate.

However, the jurisdiction of the WCAB "is exclusive only in relation to its own objectives and purposes and at the very most overlaps the subject matter jurisdiction of the pension board on a single issue of fact only, the issue as to whether an injury or disability is service-connected." (*Pathe* v. *City of Bakersfield* (1967) 255 Cal.App.2d 409, 415 [63 Cal.Rptr. 220]; see also *Reynolds* v. *City of San Carlos* (1981) 126 Cal.App.3d 208 [178 Cal.Rptr. 636].) The exclusivity provisions of section 21026 attach only after the *fact* of disability has been established. At that point, the WCAB has exclusive jurisdiction to determine *causation* of the disability. The *initial* determination of whether a local safety employee is disabled from performing his job is made by the city, not the WCAB (§ 21024). As a result the trial court did have jurisdiction to entertain Watkins' petition for a writ of mandate.

■ The city also argues the demurrer was properly sustained because the writ should have been sought against PERS. It contends PERS, as the ultimate decision-maker regarding the application for disability retirement, is the appropriate entity to conduct a hearing.

PERS is responsible merely for entering the *formal* decision granting or denying disability retirement benefits. It does not act as the factfinder in the determination of capacity for job performance in the case of police officers; the city does, by express statutory grant of authority (§ 21024). As the agency responsible for determining disability, the city is thus required to conduct any evidentiary hearing.

■ Police officers and other public employees have a vested contractual right to a reasonable disability retirement pension. (*Frank* v. *Board of Administration* (1976) 56 Cal.App.3d 236, 243 [128 Cal.Rptr. 378].) The right to the pension arises before the happening of the contingency making it payable. (*Quintana* v. *Board of Administration* (1976) 54 Cal.App.3d 1018, 1023 [127 Cal.Rptr. 11].) ■ Here, Watkins had a fundamental vested right to disability retirement benefits if, in fact, he was disabled. The city's decision on that threshold question substantially affects that right. Therefore,

a hearing is contemplated, indeed required, by the Administrative Procedure Act (§ 11500 et seq.). Since PERS is expressly governed by that statutory scheme (§ 11501), the city, as the statutory delegate of PERS when determining whether a police officer is disabled, is likewise governed by those sections. (*Garner* v. *City of Riverside* (1985) 170 Cal.App.3d 510, 516 [216 Cal.Rptr. 486].) It must therefore hold an evidentiary hearing to determine whether Watkins is capable of performing his duties.

The order sustaining the city's demurrer and denying the petition for writ of mandate is reversed.[5] The trial court is directed to issue a writ of mandate compelling the city to hold an evidentiary hearing in accordance with the provisions of the Administrative Procedure Act.

Watkins is entitled to costs on appeal.

Sonenshine, J., and Crosby, J., concurred.

Respondents' petition for review by the Supreme Court was denied April 29, 1987.

---

[5]The record contains only a minute order denying the petition for writ of mandate. However, because the trial court found it did not have jurisdiction over the matter, it clearly contemplated no further action, and the minute order is, therefore, appealable. (*Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81 Cal.App.3d 48, 56-57 [146 Cal.Rptr. 155].)