Michael OSTLUND, Plaintiff-Appellant,

v.

Robert C. BOBB, Edward J. Cooper,
City of Santa Ana,
Defendants-Appellees.

No. 86–5538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1987.

Decided Aug. 21, 1987.

Seth J. Kelsey, Santa Ana, Cal., for plaintiff-appellant.

A.J. Pyka, Santa Ana, Cal., for defendants-appellees.

Before PREGERSON, NELSON and WIGGINS, Circuit Judges.

PREGERSON, Circuit Judge:

## OVERVIEW

Appellant Michael Ostlund appeals an adverse ruling in his civil rights action. He asserts that the City of Santa Ana, California and its officials, Robert Bobb and Edward Cooper, violated his constitutional right to due process by not providing him

with a hearing regarding the City's denial of his claim for disability retirement benefits. The district court dismissed the action after conducting a pretrial conference. In dismissing the action the court ruled that the City was not required to grant Ostlund a hearing because he had not requested one. The court also ruled that Bobb and Cooper were entitled to qualified immunity. We reverse and remand.

## BACKGROUND

Appellant Ostlund was employed as a police officer by the City of Santa Ana, California ("the City") between 1980 and 1983. On May 6, 1983, after Ostlund had been involved in two shooting incidents and had undergone a psychiatric examination, the City notified him that it intended to discharge him because he had been "found to possess an emotional or mental condition which might adversely affect [his] exercise of the powers of a peace officer."

On May 10, 1983, Ostlund applied for disability retirement from the Public Employee's Retirement System ("PERS") and for worker's compensation from the California Worker's Compensation Appeals Board ("WCAB").

On June 8, 1983, the City discharged Ostlund. On September 12, 1983, September 29, 1983, February 13, 1984, February 22, 1984, and February 23, 1984, the Personnel Board of the City of Santa Ana held hearings on Ostlund's appeal from his discharge. The Board upheld the City's decision to discharge Ostlund.

Meanwhile, on September 16, 1983, Ostlund petitioned the Orange County Superior Court for a writ of mandamus to compel the City to provide him with a due process hearing on his application for disability retirement. The City took the position that it was not required to hold a hearing, but conceded that Ostlund was "substantially incapacitated for the performance of his police officer duties." However, the City also asserted that Ostlund's disability was not job related and, therefore, he was not entitled to disability retirement.

Ostlund then dismissed his petition for writ of mandamus and filed a proceeding with the WCAB to determine whether his disability was in fact job related. In June 1984, the WCAB found that Ostlund's disability was job related. Ostlund notified PERS of the WCAB finding. The City's admission that Ostlund was incapacitated together with the WCAB finding that his incapacity was job related qualified Ostlund for disability retirement.

At this point the City changed its course. Citing purportedly newly discovered evidence in the WCAB proceedings, city manager Robert Bobb notified PERS that the City had determined that Ostlund was not incapacitated and therefore not entitled to disability retirement. Bobb contended that the WCAB report established "that Mr. Ostlund is able to perform the usual duties of a police officer but, because of alleged personality conflicts with supervisors in the Santa Ana Police Department, he is somehow not able to function as a police officer for the Santa Ana Police Department."

Under California law, the local governing body, in this case the City, determines disability. Therefore, PERS accepted the City's determination that Ostlund was not disabled.

On July 18, 1984, Ostlund's attorney wrote to city manager Bobb, requesting that Bobb reconsider his determination that Ostlund was not incapacitated and threatening to sue the City if it refused to do so.

On August 8, 1984, Ostlund filed this action against City Manager Bobb, Santa Ana City Attorney Cooper, and the City of Santa Ana. Ostlund alleged violations of 42 U.S.C. §§ 1983, 1985(3), and 1986 on the ground that the City had violated his due process rights by refusing to hold an evidentiary hearing regarding his disability claim.

The district court dismissed the action after pretrial conference. The court held (1) that sections 1985 and 1986 were not applicable; (2) that Bobb and Cooper were entitled to have the cases against them dismissed on the ground of qualified immunity; and (3) that Ostlund was not entitled to relief against the City of Santa Ana because he never requested a hearing re-

garding his disability retirement. Ostlund only appeals the dismissal of his section 1983 claim.

## STANDARD OF REVIEW

██ This court reviews de novo a district court's determinations on questions of law and on mixed questions of fact and law. *LaDuke v. Nelson,* 762 F.2d 1318, 1322 (9th Cir.1985), *modified,* 796 F.2d 309 (1986).

## ANALYSIS

I. *Ostlund's Right to a Hearing*

Ostlund contends that the City violated his constitutional right to due process by not providing him with a hearing on his application for disability retirement. The City contends that Ostlund waived his right to a hearing by not requesting one after the City made its final determination that he was not incapacitated.

Appellees now acknowledge that Ostlund had a due process right to a hearing. Section 21022 of the California Government Code provides that any "local safety member incapacitated for the performance of duty as a result of an industrial disability shall be retired for disability." Section 21022 clearly gives city police officers a vested right to disability retirement if they suffer a work-related disability. The due process right of a police officer in Ostlund's position to a hearing to determine entitlement to disability retirement was recognized explicitly by the California Court of Appeal in *Watkins v. City of Santa Ana,* 189 Cal.App.3d 393, 234 Cal. Rptr. 406, 408 (1987). There the court stated:

Police officers and other public employees have a vested contractual right to a reasonable disability retirement pension.... Here, Watkins had a fundamental vested right to disability retirement benefits if, in fact, he was disabled. The city's decision on that threshold question substantially affects that right.... It must therefore hold an evidentiary hearing to determine whether Watkins is capable of performing his duties.

*Id.* (citations omitted).

██ Whether deprivation of a property right implicates a due process right to a hearing is a matter of federal constitutional law. *See Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1314 (9th Cir.1984). However, "[p]roperty rights are created 'and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Kerley Indus., Inc. v. Pima County,* 785 F.2d 1444, 1446 (9th Cir.1986) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Unquestionably Ostlund had a property interest in his disability retirement benefits and had a due process right to a hearing regarding his entitlement to such benefits.

██ The critical question before us is whether Ostlund waived his right to a hearing by not demanding one after the City had determined that he was not incapacitated. A waiver of a constitutional right is "not to be implied and is not lightly to be found." *United States v. Provencio,* 554 F.2d 361, 363 (9th Cir.1977). Waiver of a constitutional right must be knowing and voluntary. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Correa v. Nampa School Dist.,* 645 F.2d 814, 816–17 (9th Cir.1981). The facts in this case do not support the assertion that Ostlund knowingly waived his right to a hearing. The district court did not make a finding that Ostlund was aware that he was entitled to a hearing, and the City never informed Ostlund that he was entitled to a hearing. In fact, the City had established no administrative mechanism through which a hearing could be requested or held. Under these circumstances, the fact that Ostlund did not demand a hearing cannot be construed as a waiver of his right to one. *Cf. Correa v. Nampa School Dist.,* 645 F.2d at 817 (Petitioner waived her due process right to a hearing based on

the fact that she knew of, and chose to forego, the administrative procedures.).

Ostlund had a right to a hearing regarding his entitlement to disability retirement benefits. His failure to demand a hearing did not constitute a waiver of that right. Therefore, the City violated Ostlund's right to due process by not holding a hearing.

## II. *Qualified Immunity*

■ Qualified immunity shields government officials from liability for damages arising from discretionary actions if the conduct of the officials "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 490 (9th Cir.1986); *Lowe v. City of Monrovia*, 775 F.2d 998, 1011 (9th Cir.1985), *modified*, 784 F.2d 1407 (9th Cir.1986). This standard does not require specific binding precedent to show that a right is clearly established. "[I]n the absence of binding precedent, a court should look at all available decisional law ... to determine whether the right was clearly established." *Ward v. County of San Diego*, 791 F.2d 1329, 1332 (9th Cir. 1986). Government officials, however, are not " 'charged with predicting the future course of constitutional law.' " *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1465 (9th Cir.1984) (quoting *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975)).

■ When the City of Santa Ana and its officials failed to hold a hearing regarding Ostlund's entitlement to disability retirement benefits, no court in this Circuit and no California court had, in a reported decision, specifically held that a police officer in Ostlund's position had a due process right to a hearing on the denial of disability retirement. The California Court of Appeal's decision in *Watkins v. City of Santa Ana*, 189 Cal.App.3d 393, 234 Cal.Rptr. 406 (1987) was not announced until February of 1987—almost three years after Ostlund first filed his case in district court. However, well established principles of law dictated the California Court of Appeal's conclusion in *Watkins*. These principles also clearly support Ostlund's assertion that he had a due process right to a hearing. Therefore, Bobb and Cooper cannot use the absence of case law directly on point to shield them from liability. The unlawfulness of their conduct should have been apparent to them in light of preexisting case law. *See Anderson v. Creighton*, —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Before Ostlund's discharge, California courts had clearly established that a disabled police officer had a vested contractual right to a disability retirement. *Frank v. Board of Admin.*, 56 Cal.App.3d 236, 243, 128 Cal.Rptr. 378, 383 (1976) ("When plaintiff entered into service of the state, he was entitled by statute to industrial disability retirement benefits for job related disability regardless of *age or service* ...."); *Quintana v. Board of Admin.*, 54 Cal.App.3d 1018, 1023, 127 Cal.Rptr. 11, 14 (1976) (A California highway patrolman has a fundamental vested right to a disability retirement pension if he in fact was disabled.). It was equally clear that an officer's "property interest" in disability retirement benefits entitled the officer to the protections afforded by procedural due process. *See Orloff v. Cleland*, 708 F.2d 372, 379 (9th Cir.1983); *Skelly v. State Personnel Board*, 15 Cal.3d 194, 206–07, 124 Cal. Rptr. 14, 22–23, 539 P.2d 774, 782–83 (1975); *see also Goldberg v. Kelly*, 397 U.S. 254, 261, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). Finally, it was also clearly established that Ostlund's due process rights included a right to "some form of hearing." *Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *Ong v. Tovey*, 552 F.2d 305, 307 (9th Cir.1977).

At the time Bobb and Cooper allegedly acted to deprive Ostlund of his disability retirement benefits, he had a right to a hearing regarding his entitlement to disability retirement—a right that was clearly established within the meaning of *Harlow v. Fitzgerald*. No authority supported the contention that Ostlund's failure to request a hearing constituted a waiver of the right

to a hearing that comported with the requirements of due process. Therefore, Bobb and Cooper are not entitled to qualified immunity. *See McIntosh v. Weinberger,* 810 F.2d 1411, 1432–34 (8th Cir. 1987) (finding a property interest in equal employment opportunity claims "clearly established" on the basis of the United States Supreme Court's holding in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) that a cause of action is a species of property protected by the fourteenth amendment's due process clause).

The judgment of the district court is REVERSED and REMANDED.