**Annie ROBERTO, Plaintiff–Appellee,**

v.

**Ricardo J. BORDALLO and David L.G. Shimizu, Defendants–Appellants.**

**No. 86–2201.**

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 1987 [*].

Decided Feb. 11, 1988.

Dennis L. Boaz, Asst. Atty. Gen., Agana, Guam, for defendants-appellants.

Jeffrey A. Cook, Cunliffe & Cook, P.C., Agana, Guam, for plaintiff-appellee.

Before SCHROEDER, CANBY,[**] and WIGGINS, Circuit Judges.

SCHROEDER, Circuit Judge:

The plaintiff Roberto is a former employee of the government of Guam. She filed this 42 U.S.C. § 1983 suit against the Governor of Guam, Ricardo Bordallo, and his Chief of Staff, David Shimizu, alleging denial of due process and seeking damages for her forced resignation from a classified government position. The district court granted summary judgment for the plaintiff on liability, holding that the defendants

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

[**] Judge Canby was drawn to replace Judge Kennedy. He has read the briefs and reviewed the record.

violated clear provisions of Guam law giving procedural protections to the plaintiff. It rejected the defendants' claim of qualified immunity. This ruling is immediately appealable. *See Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2816, 86 L.Ed. 2d 411 (1985).

The plaintiff was the director of Guam's Retired Senior Volunteer Program (RSVP) in November of 1982 when outgoing Governor Calvo transferred that program to the Department of Public Health and Social Services by means of an executive order. This transfer changed her position from "Project Director," an unclassified position without procedural protections, to "Program Coordinator III," a classified position with procedural protections. Section 4201, 6 Guam Code Annotated, states in pertinent part as follows:

No person in the classified service shall be removed except for such cause as will promote the efficiency of the service and for the reasons given in writing. The person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, ... and also be allowed a reasonable time for personally answering the same in writing with affidavits in support thereof; ...

In January of 1983, the new governor, appellant Bordallo, repealed Governor Calvo's executive order with an order of his own. This order purported to make the RSVP Program a separate governmental agency which, if effective, would have made the plaintiff's position. unclassified. The district court ruled that under Guam law the Governor did not have authority to create a new agency because such an act is a legislative function. Thus Governor Bordallo's order did not affect plaintiff's status. This is not challenged on appeal.

Uncontroverted evidence in this record shows that on February 1, 1983, appellant Shimizu told plaintiff that she must resign or be fired. After she pointed out that her position was classified, Shimizu wrongly told her she had been declassified. She then resigned under pressure and protest and without the benefit of any of the protections afforded classified employees. The district court agreed that her forced resignation violated her clearly established statutory rights and that qualified immunity did not protect the appellants.

There is no question that if the plaintiff clearly was a classified employee, the appellants' actions violated her well-established rights and a qualified immunity claim is of no avail. The only dispute in this appeal goes to the legal issue of plaintiff's status at the time she was forced to resign.

■ In arguing that the plaintiff was not a classified employee at the time of her resignation, the appellants now maintain that the plaintiff never obtained classified status. Appellants contend that although the plaintiff occupied a classified "position," the Civil Service Commission had to take further steps in order to make her a classified "employee." This argument, which was never urged at the time of the forced resignation and was not presented to the district court, borders on the frivolous. The statute to which appellants now direct us is 4 G.C.A. § 4102(a), which lists unclassified "services." After listing unclassified jobs, the statute provides that "all other positions" are classified. The plaintiff clearly held one of the "other" positions. The statute contains no further requirements for qualifying as a person in the classified service.

Appellants, also belatedly, point us to their own personnel rules governing initial hiring of individuals. These appear to have nothing whatever to do with promotions, transfers, or other actions similar to those taken with respect to this plaintiff.

■ There is no basis for holding that the question of plaintiff's classified status at the time of her forced resignation was even a close one. Her firing violated her clearly established rights. Qualified immunity does not shield government officials from liability for damages arising from discretionary actions when the officials' conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."

*Ostlund v. Bobb,* 825 F.2d 1371, 1374 (9th Cir.1987), quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The appellants acted outside that shield.

AFFIRMED.