OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |
|---|---|
| OPINION : | No. 89-101 |
| of : | |
| : | April 5, 1989 |
| JOHN K. VAN DE KAMP : | |
| Attorney General : | |
| : | |
| RODNEY O. LILYQUIST : | |
| Deputy Attorney General : | |
| : | |

THE STATE PERSONNEL BOARD has requested an opinion on the following question:

May the State Personnel Board delegate membership on the board of administration of the Public Employees' Retirement System to the executive officer of the State Personnel Board?

CONCLUSION

The State Personnel Board may not delegate membership on the board of administration of the Public Employees' Retirement System to the executive officer of the State Personnel Board.

ANALYSIS

The State Personnel Board (SPB) is a constitutionally created state agency with adjudicatory power, responsible for administering the state civil service system. (Cal. Const., art. VII, § 3, subd. (a); Govt. Code, § 18500; *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 201; *Fair Political Practices Com.* v. *State Personnel Bd.* (1978) 77 Cal.App.3d 52, 55-56; 56 Ops.Cal.Atty.Gen. 217, 218-219 (1973).)[1] Section 2 of Article VII of the Constitution states:

"(a) There is a Personnel Board of 5 members appointed by the Governor and approved by the Senate, a majority of the membership concurring, for 10-year terms and until their successors are appointed and qualified. Appointment to fill a vacancy is for the unexpired portion of the term. A member may be removed by concurrent resolution adopted by each house, two-thirds of the membership of each house concurring.

"(b) The board annually shall elect one of its members as presiding officer.

---

[1]All references hereafter to the Government Code are by section number only.

"(c) The board shall appoint and prescribe compensation for an executive officer who shall be a member of the civil service but not a member of the board."

Section 3 of the same article provides:

"(a) The board shall enforce the civil service statutes and, by majority vote of all its members, shall prescribe probationary periods and classifications, adopt other rules authorized by statute, and review disciplinary actions.

"(b) The executive officer shall administer the civil service statutes under rules of the board."

The question presented for resolution is whether the SPB may delegate to the SPB executive officer the duty to serve on the board of administration of the Public Employees' Retirement System (PERS). We conclude that such delegation is not authorized by law.

PERS provides retirement benefits to state employees and to employees of local public agencies that have contracted for coverage. (§§ 20000-21500; *Quintana* v. *Board of Administration* (1976) 54 Cal.App.3d 1018, 1021; 71 Ops.Cal.Atty.Gen. 129, 129-130 (1988); 70 Ops.Cal.Atty.Gen. 189, 190-191 (1982.) It is managed and controlled by a board of administration comprised of 13 members, one of whom is a "member of the State Personnel Board, selected by and serving at the pleasure of the State Personnel Board." (§ 20100.) This statutory duty to serve on the PERS board forms the basis of the request for our opinion.

In 24 Ops.Cal.Atty.Gen. 56, 58 (1954), we stated: "It is axiomatic that the Legislature, subject only to constitutional limitations, may create such boards, commissions, or other bodies, constitute the membership thereof, and give them such powers and duties as it sees fit." (See 70 Ops.Cal.Atty.Gen. 250, 251 (1987); 62 Ops.Cal.Atty.Gen. 479, 491 (1979); 56 Ops.Cal.Atty.Gen. 399, 400-401 (1973).)

No constitutional provision precludes the Legislature from designating a member of the SPB or the SPB executive officer to serve on the PERS board. Nothing in the Constitution prohibits the Legislature from authorizing the members of the SPB to delegate service on the PERS board to the SPB executive officer. The question, however, is whether the Legislature has in fact authorized the SPB to delegate membership on the PERS board to the SPB executive officer.

The necessity for some type of statutory authorization was explained in *California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 144, as follows:

"As a general rule, powers conferred upon public agencies and officers which involve the exercise of judgment or discretion are in the nature of public trusts and cannot be surrendered or delegated to subordinates in the absence of statutory authorization. [Citations.]"

In *Webster* v. *Board of Education* (1930) 140 C. 331, the court ruled that the San Francisco superintendent of schools, an ex officio member of the city's board of education, had no legal authority to delegate the performance of such board duties to another person. It concluded:

"The duties of that board are legislative and quasi-judicial, and the general rule is, that such duties cannot be delegated; and we have been referred to no law in which there is an attempt to delegate them. The superintendent of schools has power to appoint deputies to assist in discharging his duties as such officer; but a member

of the board of education, which is a different office, is nowhere given authority to act by deputy, and the exercise of such authority would be entirely inconsistent with the nature of that office, and an anomaly in the law." (*Id.*, at p. 332.)

In *Schecter* v. *County of Los Angeles* (1968) 258 Cal.App.2d 391, 396, the Court of Appeal stated: "The general rule under the maxim 'delegatus non potest delegare' is that a delegated power, when made subject to the delegatee's judgment or discretion, is purely personal and may not be further delegated in the absence of express statutory authorization." (See 62 Ops.Cal.Atty.Gen. 479, 482 (1979); 56 Ops.Cal.Atty.Gen. 399, 401-402 (1973).)

The PERS board clearly exercises judgment and discretion in administering the provisions of the Public Employees' Retirement Law. (See *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32, 39; *Quintana* v. *Board of Administration, supra*, 54 Cal.App.3d 1018, 1021.) We accordingly must find statutory authorization in order for the SPB executive officer to take the place of an SPB member on the PERS board.

Examining first the provisions of section 20100 which establish the PERS board, we find that the statute is specifically limited in its authorization of the board's membership. While the SPB is free to change its selection at any time ("serving at the pleasure of the State Personnel Board"), the person selected to serve on the PERS board must be a "member of the State Personnel Board." Since the Constitution expressly prohibits the SPB executive officer from being a member of the SPB (Cal. Const., art. VII, § 2, subd. (c)), the executive officer may not be designated to be the SPB representative under the terms of the statute.

Moreover, section 20100 does not authorize a duly designated SPB member to delegate service on the PERS board to anyone else. The Legislature has, on occasion, so authorized a board member. For example, Education Code section 44210 establishes the Commission on Teacher Credentialing with 15 voting members, one of whom is "[t]he Superintendent of Public Instruction or his or her designee." No similar delegation language is contained in section 20100, and we are not free to supply it. "When the language is clear and unambiguous, there is no need for construction" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008; see *People* v. *Overstreet* (1986) 42 Cal.3d 891, 895), and "'the court should not add to or alter [the words] to accomplish a purpose that does not appear on the face of the statute or from its legislative history'" (*Schmidt* v. *Superior Court* (1987) 43 Cal.3d 1060, 1066; see *People* v. *Knowles* (1950) 35 Cal.2d 175, 183)). Neither section 20100 nor its legislative history suggests that the SPB executive officer may be designated to serve on the PERS board.

It is true that the statutory scheme governing the state civil service system (§§ 18500-19799) grants broad authority to the SPB to delegate its powers to the SPB executive officer. Section 18521 defines the SPB as follows:

"'Board' means the agency created by Section 2 of Article VII of the Constitution and includes the 'State Personnel Board' provided in Section 2(a) and the 'executive officer' provided in Section 2(c) thereof."

Section 18654 states:

"The intention of the Legislature is hereby declared to be that the executive officer shall perform and discharge under the direction and control of the board the powers, duties, purposes, functions, and jurisdiction vested in the board and delegated to him by it.

"Any power, duty, purpose, function, or jurisdiction which the board may lawfully delegate shall be conclusively presumed to have been delegated to the executive officer unless it is shown that the board by affirmative vote recorded in its minutes specifically has reserved the same for its own action. The executive officer may redelegate to his subordinates or to an appointing power he designates, unless by board rule or express provision of law he is specifically required to act personally."

These statutes, however, do not affect the membership requirements specified in section 20100. The only power of the SPB under section 20100 is to select one of its members to serve on the PERS board. The SPB itself does not serve, and hence it has no "powers, duties, purposes, functions, and jurisdiction" to delegate to the executive officer insofar as actual service on the PERS board is concerned. The distinction to be drawn is between a duty of the SPB as a corporate body that may be delegated pursuant to section 18654 and a duty of a single member of the SPB to serve on the PERS board under section 20100. Section 18654 only authorizes the executive officer to act on behalf of the SPB as a whole, not on behalf of one member required to perform a statutory duty.

While the executive officer may be considered the SPB itself for some purposes (§ 18521), nothing in this or any other statute suggests that the executive officer may be considered to be or perform the functions of a single member of the SPB. In this later regard, we note that the Legislature has authorized certain state officials to delegate service on state statutory boards to someone else under narrowly defined conditions. (§§ 7.5-7.9.) None of these statutes would allow an SPB member to delegate service on the PERS board to the executive officer. Section 7.6, for example, states in part:

"Whenever, by any law, any officer whose office is created by the California Constitution is made a member of a state board, commission, or committee, or of the governing body of any state agency or authority, such officer may designate a deputy of his or her office holding a position specified in subdivision (c) of Section 4 of Article VII of the California Constitution to act as the member in the constitutional officer's place and stead, to all intents and purposes as though the constitutional officer were personally present, including the right of the deputy to be counted in constituting a quorum, to participate in the proceedings of the board, commission, committee, or other governing body, and to vote upon any and all matters. The constitutional officer so designating a deputy shall be responsible for the acts of the deputy performing his or her official duties as a deputy of the office of the constitutional officer."

While the SPB member holds an "office . . . created by the California Constitution" (Cal. Const., art. VII, § 2, subd. (a); 64 Ops.Cal.Atty.Gen. 728, 741 (1981); see 68 Ops.Cal.Atty.Gen. 337, 344 (1985)), the SPB executive officer is plainly not "a deputy of his or her office holding a position specified in subdivision (c) of Section 4 of Article VII of the California Constitution." The latter constitutional provision specifies a position that is exempt from the state civil service system, which would disqualify the executive officer who is constitutionally required to "be a member of the civil service" (Cal. Const., art. VII, § 2, subd. (c)). No other statute remotely affects the requirements of section 20100.

In answer to the question presented, therefore, we conclude that the SPB may not delegate membership on the PERS board to the SPB executive officer.

\* \* \* \* \*

\* \* \* \* \*