19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESEARCH CENTER OF HAWAII, Plaintiff-Appellant,
v.
KINA'U BOYD KAMALI'I, Nancy McGuckin-Smith, Judith Naniole,
Winifred Ishimoto, and Gary Kajiwara, Defendants-Appellees.
 No. 92-15811.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided March 18, 1994.
 
 1
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Research Center of Hawaii ("Appellant" or "RCH") appeals the summary judgment entered against it in its suit for damages against members ("Appellees") of the reconsideration committee of Hawaii's State Health Planning Development Agency. RCH alleged violation of the rights of the handicapped. The complaint arose out of the committee's decision to reconsider, and deny, RCH's Certificate of Need ("CON") for a group care facility for the mentally retarded. Reconsideration of the non-final grant of the CON was undertaken due to requests from the public, and a hearing on the merits was held on October 5, 1989. The reconsideration committee cited a number of facts as the bases for its denial of the CON, including inadequate infrastructure, unsafe and unhealthy conditions in the area, and the fact that the proposed facility would relieve other facilities rather than accept additional patients. Appellant complains in particular of the committee's reliance upon a Hawaii statute, 1988 Haw.Sess.Laws 205 (codified at Haw.Rev.Stat. Sec. 321E) ("Act 205"), which had as its express goal the dispersion of such facilities so as to reduce their concentration in the very area in which RCH wished to locate its facility.
 
 
 4
 A state judge reviewing the denial of the CON held that it was error for the reconsideration committee to rely upon Act 205, which had not been properly implemented, and also noted possible conflict with federal law. On remand, RCH had its application reconsidered another time, and the CON was granted. This suit was brought in the district court to recover damages under 28 U.S.C. Sec. 1983 and the Fair Housing Act, 42 U.S.C. Sec. 3604, amended by Fair Housing Amendments Act of 1988, Pub.L. No. 100-430, Sec. 6, 102 Stat. 1619, 1620 (1988) (the "FHA"). The district court entered summary judgment in favor of the Defendants because they were entitled to both absolute quasi-judicial immunity and qualified immunity from suit for damages. We affirm on the basis of qualified immunity.
 
 QUALIFIED IMMUNITY
 
 5
 The district court granted summary judgment for the Defendants because "their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This court has established that "[w]hen qualified immunity is at stake [in a motion for summary judgment], a court must first determine whether the law has been clearly established. If the court decides that the law is clearly established, it must then decide whether a reasonable officer would have known that his conduct violated rights." Romero v. Kitsap County, 931 F.2d 624, 628 (9th Cir.1991) (citations omitted). Whether the law is clearly established is a pure question of law. Id.
 
 
 6
 Appellant's arguments focus on the alleged unreasonableness of the committee's actions, based on warnings to the committee that Act 205 may conflict with the FHA. Those arguments are inapposite because the district court properly decided that it was not clearly established that reliance on Act 205 would have been a violation of the FHA. The committee members therefore could not have known, within the meaning of the qualified immunity doctrine, that their actions violated rights established by the FHA.
 
 
 7
 The committee's decision occurred just seven months after the amendments to the FHA, before there was any relevant case law interpreting the new amendments. While a right may be clearly established even in the absence of decisional law if "well established principles dictate[ ]" the relevant conclusion, Ostlund v. Bobb, 825 F.2d 1371, 1374 (9th Cir.1987), cert. denied, 486 U.S. 1033 (1988), the principles deciding the validity, in light of the FHA, of laws such as the Hawaii statute are far from well-established. Other courts have not yet been able to give a definitive answer to the question of whether or when federal law prohibits state dispersal of group care facilities. See Familystyle of St. Paul, Inc. v. City of St. Paul, 923 F.2d 91, 95 (8th Cir.1991) (upholding dispersal scheme because it sought to prevent isolation of the handicapped); United States v. Village of Marshall, 787 F.Supp. 872, 879 (W.D.Wis.1991) (finding a denial of an exception to a dispersal requirement discriminatory because there was no evidence that the location of the facility created the type of density the state legislature sought to avoid).
 
 
 8
 Later case law such as Familystyle, though obviously irrelevant to the state of mind of Appellees at the time of the decision, is highly relevant to whether the law was clearly established. In the jurisdictions that have considered the impact of the recently amended FHA on state dispersal schemes, outcome has turned on Congressional and state legislative intent, as well as the facts to which the law is applied. We expect that this court would have to consider similar factors if the question of the validity of Act 205 were before us. If federal courts find the law subtle and susceptible to different outcomes, it certainly is not clearly established such that we might expect members of a state committee to know of the invalidity of a state policy. In addition, even if we were to conclude that Act 205 was clearly preempted by the federal statute, Appellant has not shown that Appellees' decision, taken as a whole, clearly violates the FHA.
 
 
 9
 Therefore, we affirm the district court's holding that Appellees were entitled to qualified immunity from suit. Such immunity is an appropriate basis for a grant of summary judgment, and we affirm the summary judgment in favor of Appellees. The denial of partial summary judgment to Appellant on the issue of violation of the FHA is likewise affirmed.
 
 ABSOLUTE IMMUNITY
 
 10
 Because our holding on qualified immunity is sufficient to affirm the grant of summary judgment, we do not address the district court's alternative basis of absolute immunity.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3